**Marlin S. SKELTON and Patricia Skelton, Appellants,**

v.

**Donald DOBLE and Sylvia Doble, et al., Respondents.**

**No. C2–83–1892.**

Court of Appeals of Minnesota.

April 17, 1984.

Review Denied July 26, 1984.

Brian M. Olsen, Doering, Radzwill & Olsen, Cokato, for appellants.

Brian F. Kidwell, Hall, Byers, Hanson, Steil & Weinberger, P.A., St. Cloud, for respondents.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

FOLEY, Judge.

This is an appeal from a judgment in an action brought by appellants to quiet title. The trial court summarily dismissed appellants' claim of superior title to the disputed property. After a bench trial on damages, the court awarded respondents treble damages for appellants' trespass on the disputed land.

Appellants contend that the court erred by not allowing a trial to establish ownership by practical location of boundaries. They also challenge the award of treble damages. We affirm in part and reverse in part.

## FACTS

Jerry and Elizabeth Miessen and appellants Marlin and Patricia Skelton were owners of adjacent tracts of land. In 1971, Skeltons orally bought a 3.47 acre parcel of Miessens' land bordering on their property. The parties agreed upon a boundary. Miessens plowed up to the line and Skeltons fenced and planted a row of evergreens to mark the boundary. Neither party ordered a survey.

The only written confirmation Skeltons have of the sale is a note dated February 8, 1972, which provides:

We Jerry and Elizabeth Miessen are signing over the property that is fenced in around the pond and the pond it self [sic] to Marlin F. Skelton and Patricia L. Skelton.

This piece of property ajoins [sic] Skelton property at the N.E. corner in Section No. 14.

This piece of property measures approximately 3 acres.

Miessens sold their property, which by description included the pond property, to Geraldine and Elmer Dahl. In 1974, after her husband's death, Dahl sold the property to respondents Donald and Sylvia Doble on a contract for deed. The contract was recorded in 1978 and a quit claim deed conveying the property to the Dobles was recorded in February 1983.

Despite the sales to Dahls and Dobles, Skeltons maintained exclusive possession of the pond property until 1981. They improved the property by planting and maintaining the evergreens, building a stock pond, repairing fences, and removing old buildings.

In 1981 a county survey revealed that the legal description of Dobles' property included the pond property. After the survey Dobles threatened Skeltons, threw rocks and mud balls, and tore down the fence to protest Skeltons' possession.

Skeltons brought suit to quiet title. The trial court issued a partial summary judgment finding Dobles to have superior title to the pond property. The court awarded Dobles actual damages for Skeltons' trespass until 1981 ($1,400) and treble damages for their trespass after 1981 ($1,500). The court allowed a set off $2,100 for improvements Skeltons made to the property leaving a net judgment of $800 against Skeltons.

### ISSUES

1. Do Dobles as a matter of law have a claim to the disputed property superior to that of Skeltons?

2. Did the trial court err in awarding treble damages for trespass when Skeltons occupied the disputed property under a claim of right?

### ANALYSIS

#### I.

■ The trial court properly found that Dobles' record title to the disputed property is superior as a matter of law. Skeltons have no enforceable right to the property.

Skeltons admit that the February 8, 1972 note is inadequate to convey title under the statute of frauds, Minn.Stat. § 513.04 (1982). The note identifies the parties but fails to clearly identify the land to be conveyed or to specify the terms and conditions of the transaction. *See Staples v. Miller*, 319 N.W.2d 57, 59 (1982).

■ Furthermore, the doctrine of practical location, upon which Skeltons rely, does not apply in this instance. Practical location pertains to the establishment of boundaries between adjoining landowners by one of three methods:

(1) Acquiescence: The location relied upon must have been acquiesced in for a sufficient length of time to bar a right of entry under the statute of limitations.

(2) Agreement: The line must have been expressly agreed upon by the interested parties and afterwards acquiesced in.

(3) Estoppel: The party whose ownership rights are to be barred must have silently looked on with knowledge of the true line while the other party encroached thereon or subjected himself to expense which he would not have incurred had the line been in dispute. *Wojahn v. Johnson*, 297 N.W.2d 298, 304 (1980). The doctrine is intended to resolve boundary line disputes, *not* to establish ownership of substantial parcels of land. Expanding the doctrine as Skeltons urge would undermine the statute of frauds and the recording act.

#### II.

■ The trial court erred in awarding Dobles treble damages for Skeltons' trespass after 1981. Minn.Stat. § 549.20 (1978) permits punitive damages in civil actions only upon clear and convincing evidence of willful indifference to the rights or safety of others. Skeltons retained the disputed property after the 1981 survey because they believed they had a colorable claim to it. Although we conclude that the doctrine of practical application does not apply, Skeltons' argument was not frivolous. Unsuccessful innovative attempts to extend case law are not tantamount to bad faith or willful indifference to the rights of others. Thus, it would be unjust to award damages for Skeltons' retention of the disputed property.

#### DECISION

■ We affirm the trial court's summary dismissal of Skeltons' claim to superior title to the disputed property. Regrettably, Skeltons have no enforceable right to the property. However, since they occupied the disputed property under a claim of right, it would be inequitable to require them to pay Dobles any damages. By the same token, it would be inequitable to re-

quire Dobles to pay for improvements Skeltons made to their property without their consent. We find that Dobles received adequate compensation for Skeltons' trespass on the disputed property in the form of improvements to the property. We reverse and remand the case to the trial court with directions to strike damage awards to both parties.

Affirmed in part, reversed in part, remanded.